May it please the court, my name is Stephanie Adractis and I represent the appellant Valdo Mora. Mora's carjacking, kidnapping, and false imprisonment convictions violate the Double Jeopardy Clause because they are lesser included offenses of other counts that were based on the same continuous course of conduct. California Penal Code section 954 does not change the Double Jeopardy Clause analysis in this case. That section allows the government to join counts in an accusatory pleading and provides that each offense of which the defendant was convicted must be stated on the verdict. However, California Supreme Court cases interpreting section 954 hold that a defendant may not be convicted of a greater and lesser included offense based on the same course of conduct. Under that rule, the duplicative lesser included offense must be dismissed at the time of sentencing. An example is People v. Reed, 38 Cal 4th, 1224, where the court held that if a crime cannot be committed without necessarily committing a lesser offense, the defendant cannot be convicted. Well, couldn't the government divide up the conduct in this case? So it's such a period, such a period. It wasn't exactly taking the lesser of a larger thing, but dividing up the time. Your Honor, that division of the single continuous course of conduct into discrete offenses occurred in the Court of Appeals, in the California Court of Appeals. At trial, I included the prosecutor's closing argument in the excerpts of record. She argued, the prosecutor argued, that there was a course of conduct that was not divided up. She didn't argue that there was a separate kidnapping and false imprisonment that occurred. That analysis of the offense, in other words, parsing it into separate incidents, occurred in the Court of Appeal. As I argued in my brief, that was improper under Brown v. Ohio, a very similar type of case, where the Supreme Court said that when there's a single taking of a vehicle and then repeated driving of the vehicle over the course of a number of days, that that was one offense under the Double Jeopardy Clause and not, even though one could technically divide it up into discrete occurrences. Didn't Brown, in fact, the reserve judgment on the facts analogous to those here, and Ball as well, declining to reach the exact issue you're relying on? Well, Your Honor, both of those, I think Ball I'm relying on in terms of the concurrent sentence analysis. But in Brown, the Court very clearly indicated that a continuous course of conduct is a single offense and cannot be divided into the term or the phrase was discrete, temporal, or spatial units. And that division of this offense into discrete units appears to be exactly what the One could even look to California law people v. Thomas cited in the brief where the California courts in analyzing a kidnapping offense have said you cannot take a single incident, and Thomas, the taking of the victim, then stopping, committing another offense against her, and then starting up again and taking her somewhere else. The Court said there is a single abduction, and as long as that abduction continues and the person is continuously detained by the same person, that's one kidnapping for purposes of the double jeopardy clause. That's exactly the kind of analysis that the State Court of Appeals should have done here but did not do. But the charge to the jury, did the charge to the jury break it up into segments? Your Honor, it did not. I analyzed that in my brief as well, that there were similarly separate criminal threat counts. And the trial court here properly gave the jury a unanimity instruction and said if you want to convict this defendant of separate counts of criminal threats, you have to take into account different evidence as to each threat. You have to unanimously agree as to the evidence supporting each threat count. And the jury acquitted Mr. Mora of one of the threat counts and convicted him of the other one so we know that they followed that instruction. But the unanimity instruction was only given as to the threats. If the court had intended this to be discrete offenses, if the parties had argued that these were discrete offenses, the trial court would have had to give a unanimity instruction as to the false imprisonment, kidnapping and carjacking as well. It didn't do that. And one can look to the victim's testimony as well. Mr. Rodriguez, he very clearly testified that he did not feel he was not free to leave. He was continuously detained. This is going to the kidnapping. When he was taken to the first house, he was being menaced with a gun. He was being questioned. That was all a continuous incident. There was never a break during that incident where he was free to go or where he got control back of his van. Back on the section 954 argument, why exactly didn't the court cure any problem with the stay? Well, why didn't the staying of the sentences? Understood, Your Honor. 954 works in tandem with section 654 under California law. So the court here, what it did at the time of sentencing was stayed under 654 the convictions that are at issue in this appeal. That does not cure the error because Mr. Mora still stands convicted of duplicitous counts. The 654 stay only accomplishes the purpose of not imposing or requiring Mr. Mora essentially to serve an additional sentence for those counts. So it only, 654 and 954 only go to sentencing. And it is the fact of the conviction itself which is the double jeopardy error in this case or the multiple convictions. People versus Pearson is another case in California, 42 Cal 351 that clearly states that when there are multiple convictions for the same offense, a lesser included offense being the same offense, that the remedy in California is to vacate or reverse those lesser included offenses, not to impose a section 654 stay. The section 654 stay is appropriate when there are multiple convictions for different offenses arising from the same facts or course of conduct. Then the court should stay and not dismiss the counts. And so that was an error here that violated the double jeopardy clause under both of those statutes. And our argument here is consistent with California law. One can look, there are multiple cases showing that occasionally a court will stay under 654 a sentence when what it should have done is vacated the count because it was a lesser included offense. And that is the remedy that occurs under California law as well. Do you agree that we're reviewing under AEDPA? Your Honor, as I argued in my brief, the deferential standard of review should not apply in this case because Mr. Mora twice raised his Federal constitutional double jeopardy claim in his trial court habeas corpus petition and again in front of the California Supreme Court. And we know that the trial court in ruling on the Federal constitutional claim said two things. One, first, that it could have been raised on appeal, this relitigation bar. And then the second bar was the court said the Federal constitutional claim was vague and conclusory. When Mr. Mora filed his petition in the California Supreme Court, the court denied the claim without comment or citation. Under Ilst v. Nunemaker, this Court should look through the second unexplained order to the first and ---- But doesn't Richter pose serious problems for you now, decided after the State Court? And the Supreme Court was looking at a more fully developed petition, correct? Your Honor, as to the first question as to Richter, I don't believe that Richter changes the analysis in this case because Richter cites to Ilst and it leaves the Ilst look-through doctrine in place. If Mr. Mora's petition had been twice denied without citation, then we would have application of Richter in this case. But because Ilst is still good law and is cited in Richter, we should still look through that unexplained denial because the intention of the Richter Court was to look at the analysis of the State Court and review that analysis under the AEDPA. So that is the analysis to be reviewed in this case. We can look through, rather than applying the Richter, well, we have only unexplained denials, so then we would go into the analysis that Richter. How is it a full looking through if the Supreme Court petition was different? Your Honor, I examined that closely. And my reading of those two petitions is that it is the same claim. I mean, Mr. Mora makes the same double jeopardy argument in his State trial court petition that he does in the California Supreme Court petition. There's one additional spin on it in the State trial court petition that he accuses his appellate counsel of being ineffective for not raising the double jeopardy issue and federalizing it. But it's the same argument that I'm making here and that he made in the California Supreme Court, which was that these lesser included convictions should have been dismissed rather than stayed. So I agree with the magistrate's analysis where the magistrate said these aren't vague in conclusory and in any event, he shouldn't have been barred or procedurally barred. And that's exactly the kind of situation we have here where no State court has actually ruled on the merits of Mr. Mora's constitutional claim. And so there is not an analysis to defer to and this court may decide the merits of the claim de novo. Okay. I'm running out of time. You've run your time. If there's something to say in rebuttal, I'll give you a minute. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Deputy Attorney General Carl Henry for a respondent. This Court should affirm the denial with prejudice of federal habeas relief in this case because the California Supreme Court's July 2009 silent denial to the double jeopardy clause claim was not objectively unreasonable under the AEDPA's test in 28 U.S.C. section 224D1 as construed by the United States Supreme Court in the Harrington v. Richter opinion published last year. As stated in the respondent's answer brief at page 28, this is so because the United States Supreme Court has not clearly established that the Blockberger test applies outside of the federal statutory context to ban multiple convictions in a single or unitary trial regarding state law crimes, particularly where a state legislature has evidenced a clear, crystal clear intent in favor of multiple convictions or multiple prosecutions in a single proceeding, single trial, which is the case in California with respect to California Penal Code 954 as to multiple convictions and with respect to California Penal Code 654 with respect to multiple prosecutions. Can you clarify? So you're arguing that Ilst applies. We're arguing that Richter applies. That Richter applies. Yes. But didn't you below rely on look-through in trying to get the petition dismissed? That was as to, first off, this is a pre-Richter case as to the proceedings below. Richter was decided by the U.S. Supreme Court last year in this case. So your reliance was before Richter was enacted. Yes, this was a pre-Richter case in that sense. That's the short answer to Your Honor's concern. But to jump to that particular issue, there's at least three reasons why de novo review should be rejected by this Court. Number one, in the district court, as counsel conceded, the magistrate and, of course, the district court adopted the finding that the California Supreme Court habeas petition was not the same defective petition as was filed in the Los Angeles County Superior Court. So the district court itself found that the double jeopardy cause claim in the state habeas petition was not vague. Secondly, the California Supreme Court habeas petition itself cited Brown v. Ohio. So when the California Supreme Court denied the double jeopardy clause claim on state habeas, it was aware of Brown, and it presumably applied Brown v. Ohio. Thirdly, in People v. Sloan, which I provided counsel notice of, at least on Friday, having received the Court's Friday order, Sloan is at 42 Cal 4th, 110, specifically pages 120 through 122. That case was decided nearly two years before the California Supreme Court denied the double jeopardy clause claim in this case. So stringing those three points together, first, the California habeas petition was not defective. Three, as I indicated, Sloan was decided prior to the California habeas petition. And additionally, Brown v. Ohio was cited in the California habeas petition. It's abundantly clear that the California Supreme Court was aware of U.S. Supreme Court precedent. And particularly when you throw in Richter, this is not a denial-of-review case. It's a silent denial case, and counsel has a tough road to hoe as the other advocates. Reserving judgment on which standard applies, I'm troubled by the finding of the California courts that this was a segmentable series of events, especially on this confinement issue, where it seems a real stretch to say that he was in and out of confinement during this abduction. How do you square that with the facts? I mean, it just seems a stretch. Well, the short answer to that, Your Honor, is from the U.S. Supreme Court, both in Missouri v. Hunter, which is 445 U.S. 684. The U.S. Supreme Court made it abundantly clear, and we would submit this case is wholly governed by that with respect to the adepti tests. The U.S. Supreme Court said, and incidentally, Missouri v. Hunter, in a single trial, the U.S. Supreme Court said in a 7-2 decision that regardless of the Blackberger test, if the state legislature has spoken, that ends the rule of construction analysis that comes out of the Blackberger test. Well, that may be, but let's assume, nonetheless, that it still has to be factually supported, does it not? It was, and the California court of appeals so found. I mean, this is sort of analogous to footnote 8 in the Brown v. Ohio opinion. There, to summarize the footnote, the U.S. Supreme Court said we would have a different case if the Ohio legislature had provided that joyriding is a separate offense for each day that a motor vehicle was operated. And it also said we would have a different case if, in construing the second sentence in Brown, the Ohio courts had construed the statute so accordingly. I'm talking about the confinement issue, not the carjacking. But the, again, the California court of appeals construed it the way that they construed it, but that was a reasonable construction, as we had argued, in the state appellate court. And the reason for it was there was not a continuation in this case. As the California court of appeals construed its own law, once he left the Padilla house, which is the first house, he had multiple intents, of course, kidnapping for carjacking and kidnapping for robbery. Once he got to the second location, which was his co-gang member's home, there was a division in the sense of the carjacking in particular because he surrendered the key back to the victim. The victim subsequently had to give the key back at gunpoint. As the court of appeal found, state court of appeal, that is, there was a separate carjacking to that extent. And during the time that he was in the carport while this, in essence, party was going on at the defendant's house, the co-appellant's house, he was not held in physical confinement such that the California court of appeal reasonably found that there became a second kidnapping prior to going to the third location. That's the divisibility with respect to the kidnapping, regardless of whether or not it's lesser included, and that's a separate offense, second carjacking, regardless of whether or not carjacking is a lesser included offense of kidnapping. It wasn't argued that way to the jury. But that is what the California court of appeal found in construing its own law, and that's the message conveyed by the U.S. Supreme Court in Missouri v. Hunter with respect to legislation. That's the message conveyed by the U.S. Supreme Court in Brown v. Ohio with respect to the court's construction of its own laws. You're sort of talking past each other. Maybe I'm not understanding. Assuming that that can be, it can be segmented, it wasn't necessary, it still would have to, the jury would have to have the case presented on that basis, would it not? For purposes, just. The answer to that yes or no. Yes, in terms of how it was prosecuted, but that doesn't answer the double jeopardy question for purposes of the Adepa test. What answers that question is how the state courts or the state legislature prefers or favors multiple convictions in a single trial or unitary trial case. And that is the message conveyed by the U.S. Supreme Court, both in Missouri v. Hunter, as well as in Brown v. Ohio, for purposes of the Adepa test, which is the test to be governed and utilized in this case. The test, even Bachberger, doesn't say the test is defined by what the prosecutor in the state chooses to do. The test is defined with respect to what the legislature has clearly intended with respect to multiple convictions or multiple prosecutions in a single or unitary trial. The test is not controlled by what the prosecutor argues to the jury. And, of course, our point to that is that the Bachberger test, as the U.S. Supreme Court said, 7-2 in Missouri v. Hunter, is a test that it, in essence, has limited to congressional intent. And, in fact, the Court clearly stated it is not rooted in constitutional law. And the Court further stated that it had only applied its test in the federal statutory context. It, of course, was adjudicating state law, Missouri law, and the case itself involved multiple convictions in a single unitary trial. And, in fact, the Missouri Supreme Court had said that there was a double jeopardy clause violation in Missouri v. Hunter. The U.S. Supreme Court said we reject the Missouri Supreme Court's interpretation. It may be true that the two crimes at issue in Missouri v. Hunter, one of them was first-degree robbery and the second was armed criminal action. They were deemed the same offense under state law, but that didn't end the test. The Missouri legislature had spoken, and that was enough. That's enough in this case. In your remaining time, can you clarify your Teague argument? The Teague argument What's the new rule in a nutshell? That counsel's preferred rule is basically throwing out Missouri v. Hunter, expanding Missouri v. Hunter. Teague is at issue in this case because any decision by this Court that would hold, regardless of the ADEPA, that the U.S. Supreme Court has clearly established that multiple convictions in a single prosecution violates double jeopardy clause, Missouri v. Hunter holds otherwise. And to expand in a way that's preferred by a petitioner would be in violence of Missouri v. Hunter, and that's the Teague argument. Thank you. Briefly, Your Honor, if I may, the flaw in Respondent's argument is that Let's get there. Can we get the clock? One minute. Yeah, she has a minute. Thank you. The flaw in the argument Respondent makes is that the California law does not, the statutory law and the case law do not reflect any type of intent to allow multiple convictions of lesser included and greater offenses. Under Section 954 and the cases that I cited earlier, the California law is consistent with the argument that we're making. The multiple convictions in this case violate State law just as much as they violate the double jeopardy clause because under State law, under Section 954, there is an intent to allow multiple convictions, and that is that multiple convictions of lesser included offenses are not allowed because they are construed to be the same offense. Okay. Thank you. We appreciate the arguments, counsel, and the case is submitted. The next case on the calendar is Gasparian v. Astor. Good morning. Good morning. You want to introduce yourself, sir? Yes. I'm John Ohanian for the plaintiff, Carpet Gasparian. The district court's order of October 27, 2010, does not comply with the first rule of determining whether the agency's, the agency's, the agency's, the agency's
judges: Mueller, Noonan, Fisher